UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE ANTHONY ROBERTSON, Plaintiff, v. RICHARD A. HONN, et al., Defendants. | Case No. 17-cv-01724-JD  **ORDER RE MOTIONS TO DISMISS**  Re: Dkt. Nos. 57, 58 |

Pro se plaintiff Wade Anthony Robertson is a former attorney admitted to practice in California. A federal jury found that he had committed malpractice and breached his fiduciary duties to a business partner, and that he had done so in a manner warranting punitive damages. A federal court of appeals affirmed the verdict. Robertson was disbarred for this egregious misconduct, which he challenges here on a myriad of grounds. The Court dismissed the first amended complaint from the bench, and now provides a fuller statement detailing the shortcomings in the complaint mainly for plaintiff's guidance should he choose to amend. Dkt. Nos. 48, 106.

## BACKGROUND

Robertson was in a business partnership, W.A.R. LLP, with William C. Cartinhour, Jr., who is not a lawyer and who is named as a defendant in this case. Eventually there was litigation between the two in the District of Columbia. Cartinhour claimed that Robertson had misrepresented the status of a securities class action that Robertson was working on as an attorney, and which the partnership was backing as a business opportunity. As Robertson himself lays out in his complaint, a federal district court jury found that Robertson had breached a fiduciary duty to Cartinhour and had committed legal malpractice, and it awarded to Cartinhour $3.5 million in compensatory damages and $3.5 million in punitive damages. Dkt. No. 48 ¶ 144. A civil

1  judgment was entered in favor of Cartinhour, and the United States Court of Appeals for the
2  District of Columbia affirmed the judgment. *Id*. ¶ 91. Attorney disciplinary proceedings before
3  the State Bar of California were initiated and resulted in a recommendation that Robertson be
4  disbarred. *Id*. ¶¶ 101, 112. The Supreme Court of California filed an order effectively approving
5  the recommendation and disbarment, *id*. ¶ 115, which was not yet final at the time this lawsuit was
6  filed. *Id*. ¶ 116.

**DISCUSSION**

The complaint is a sprawling mass of disjointed allegations and was dismissed as incomprehensible for that reason. Dkt. No. 113 (motion hearing transcript) at 3:21-23 & 8:11-12. The complaint tries to allege eleven disparate claims for relief against thirty-eight separate defendants in 834 paragraphs (totaling 209 pages) of allegations that are, at best, hard to follow. It includes what is effectively a complaint within a complaint in the form of an alleged claim against Cartinhour that runs 134 pages long and has its own separate table of contents. Dkt. No. 48 at 34. This claim features an attack on "Cartinhour's undisclosed serious mental illnesses" and other scurrilous statements by Robertson against the victim who prevailed against him in court. *Id*. at 43-46. The complaint includes a variety of other comments whose relevance is not at all apparent, such as the ones about the California State Bar's real estate dealings. *Id*. ¶¶ 780-790. This violates the requirement in Rule 8(a) of the Federal Rules of Civil Procedure that the complaint must contain "a short and plain statement" of plaintiff's claims for relief, and is a proper basis for dismissal.

Because plaintiff will be given 45 days from the date of this order to file an amended complaint should he choose to do so, the Court provides further guidance for plaintiff's next attempt, should there be one. The Court primarily relies on plaintiff's prayer for relief as a guide for better understanding what it is plaintiff seeks in this case. Dkt. No. 48 at 205-208.

The Court rejects as improper any request to review or vacate prior judgments or orders issued by the United States District Court for the District of Columbia or the United States Bankruptcy Court for the District of Columbia. *Id*. at 205-206. This Court does not sit in review of those courts. The fact that some of the orders or judgments may have been registered in this

district pursuant to 28 U.S.C. § 1963 does not lead to a different result. *See F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996); *Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245, 249 (1st Cir. 1982). Even assuming jurisdiction were to exist for that, which is itself doubtful, principles of comity and efficient judicial administration weigh definitively against asking a district court to second guess the orders and decisions issued by sister courts. The salient point is that Robertson had a trial before a jury whose verdict was affirmed on appeal. There is no place in our federal system for a disgruntled litigant to seek collateral review before another district court.

The rest of plaintiff's case is an effort to avoid the disbarment consequences of the verdict against him. Specifically, he seeks to escape any "legal effect" from "case No. S237476 in the Supreme Court of California" and "case No. 09-O-19529 in the State Bar Court of the State Bar of California." Dkt. No. 48 at 206-208. Those cases are the attorney disciplinary proceedings in California, which were pending at the time this case was filed.

*Younger* abstention precludes consideration of Robertson's attack on his state discipline orders. *Younger v. Harris*, 401 U.S. 37 (1971); *Hirsh v. Justice of the Supreme Court of the State of California*, 67 F.3d 708 (9th Cir. 1995). Under *Younger*, "[a]bsent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh*, 67 F.3d at 712 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

As in *Hirsh*, each of the prerequisites for *Younger* abstention is satisfied here. For the two requirements that plaintiff contests, our circuit has expressly recognized that "California's attorney disciplinary proceedings implicate important state interests," and that the California Supreme Court's rules relating to Bar Court decisions provide for an adequate opportunity for a plaintiff to present federal constitutional claims. *Hirsh*, 67 F.3d at 712-13; *see also Baffert v. California Horse Racing Board*, 332 F.3d 613, 621 (9th Cir. 2003) (that plaintiff "disagrees vigorously with the result that he has achieved thus far in California" does not render the forum inadequate for the litigation of constitutional claims for purposes of determining applicability of *Younger* abstention). Plaintiff's arguments to the contrary are rejected as meritless.

3

Nor has plaintiff established that any of the exceptions to *Younger* abstention might apply. Our circuit has determined that "one who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators," with "evidence." *Hirsh*, 67 F.3d at 713-14 (quotations omitted). And the bad faith exception "means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction" and requires "evidence of bad faith, such as bias against plaintiff, or of a harassing motive." *Baffert*, 332 F.3d at 621. Based on the record, the Court concludes that plaintiff has not crossed the necessary bar from "only conjecture," which is insufficient, *Hirsh*, 67 F.3d at 714, to actual evidence. *See*, *e.g.*, Dkt. No. 48 ¶ 704 (plaintiff's allegation that when the State Bar defendants initiated attorney disciplinary proceedings against him in 2012 following the passage of a new dues bill in 2011, "on information and belief they did so because they were motivated by their own pecuniary interests"), *and compare with Hirsh*, 67 F.3d at 714 ("The fact that fines imposed in attorney disciplinary proceedings are paid to the treasury of the State Bar does not establish an impermissible financial interest.").

## CONCLUSION

Defendants' motions are granted, Dkt. Nos. 57, 58, and plaintiff's first amended complaint is dismissed. In light of what the Court has seen so far, it has serious doubts that plaintiff will be able to state a plausible claim. Nevertheless, plaintiff may file a second amended complaint by **June 14, 2018**, that is consistent with this order. All other pending motions are terminated as moot, without prejudice to being renewed at a later time if appropriate.

**IT IS SO ORDERED.**

Dated: April 30, 2018

JAMES DONATO
United States District Judge